NOT RECOMMENDED FOR PUBLICATION

No. 20-5149

FILED
Nov 09, 2020
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE MIDDLE DISTRICT OF |
| TERIOUS D. RAMEY, ) | TENNESSEE |
| ) | |
| Defendant-Appellant. ) | |

O R D E R

Before: GUY, KETHLEDGE, and NALBANDIAN, Circuit Judges.

Terious D. Ramey, a federal prisoner represented by counsel, appeals his criminal convictions. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Two Nashville police officers followed a car that they believed to be speeding, which also had a broken taillight and an expired license tag. The car pulled into a parking lot, and when the driver, Ramey, got out, one of the officers saw what looked like marijuana flakes on his pants. The officers smelled marijuana as they approached him on foot. One officer ordered Ramey to stop and attempted to handcuff him. The other officer saw Ramey drop a marijuana blunt, which the officers retrieved. The officers approached the car that Ramey had just exited, noticed a strong odor of marijuana, and saw a marijuana grinder near the gearshift. One officer searched the car and found a bag of marijuana as well as ammunition and a loaded handgun.

After the district court denied Ramey's motion to suppress evidence, a jury convicted him of being a felon in possession of a firearm and ammunition. The district court sentenced him to concurrent terms of 204 months of imprisonment. On appeal, Ramey argues that the district court

erred by: (1) denying his motion to suppress evidence obtained after police arrested him without probable cause and searched his car without a warrant; (2) failing to dismiss or question the jury venire after a potential juror made prejudicial comments during jury selection; and (3) failing to remove for cause a juror who had worked for the same police department as four of the five government witnesses who testified at trial.

When reviewing the denial of a motion to suppress, this court reviews factual findings for clear error and legal conclusions de novo, and views the evidence in the light most likely to support the district court's ruling. *United States v. Abdalla*, 972 F.3d 838, 844 (6th Cir. 2020).

Ramey argues that the district court erred in denying his suppression motion because police arrested him without probable cause. "To have probable cause for an arrest, the police must be aware of 'facts and circumstances' sufficient to allow a prudent person to think the arrestee has committed or is about to commit a crime." *United States v. Price*, 841 F.3d 703, 706 (6th Cir. 2016) (quoting *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007)).

Ramey asserts that he was arrested without probable cause when the officer saw green flakes on his pants and commanded him to stop. Ramey notes that the small green substance could have been many things and points out that the officers did not take photographs of the substance, despite taking pictures of other evidence.

But the district court heard these challenges and still credited the officer's testimony that he saw marijuana flakes on Ramey's clothing, which is adequate to support probable cause. "Because the district court was in the best position to assess credibility, we defer to the court's determination on this issue." *United States v. Adams*, 583 F.3d 457, 464 n.7 (6th Cir. 2009). The district court also noted that the marijuana grinder that the police found in Ramey's car and the marijuana blunt that they saw him drop corroborated the officer's testimony that he had marijuana flakes on his pants. The district court's findings were not clearly erroneous.

Ramey also argues that the warrantless search of the car that he had just exited before his arrest was unconstitutional. He claims that the inside of the car was not within his immediate control when he was arrested and thus that the police needed a warrant to search it. But police

may search a vehicle incident to a recent occupant's arrest if "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351 (2009). Because Ramey was arrested for possession of marijuana upon the discovery of the marijuana flakes on his clothing and the marijuana blunt that he dropped, the police had reason to believe that there was evidence of marijuana in the car. Thus, the district court did not err on this front either.

Ramey's remaining two arguments involve the selection of the jury. Ramey raised neither argument in the district court, and thus, as he acknowledges, we review the claims for plain error. To prove plain error, Ramey must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Ramey argues that the district court failed to question or dismiss the jury panel after a potential juror made prejudicial comments during voir dire. The district court asked whether anyone on the venire had been involved in a criminal case. A potential juror stated that she had and that it would impact her ability to serve on the jury because the case involved the murder of her brother by a felon who had used someone else's gun. The defense attorney moved to dismiss the potential juror for cause, the government agreed, and the district court excused the potential juror. Ramey argues that this was insufficient.

"The task of empaneling an impartial jury is left to the sound discretion of the district court." *United States v. Guzman*, 450 F.3d 627, 629 (6th Cir. 2006). And this court must presume both that jurors are impartial and that they follow the trial court's instructions, which include matters of impartiality. *Id*. Because Ramey "relies entirely on speculation as to the effect, if any, the potential juror['s] statements had on the actual jurors," *id*. at 632, the district court's decision to excuse the potential juror rather than dismiss the venire or question the remaining members about the issue was not plainly erroneous.

Ramey argues that the district court erred by failing to strike for cause a juror who had worked for the same police department as four of the government's five testifying witnesses.

During voir dire, the juror stated that she had worked in the police records department for about a year eighteen years before Ramey's trial took place. Neither party moved to strike the juror, and she became one of the twelve members of Ramey's jury.

"The challenging party bears the burden of persuading the court that the juror is partial and subject to being excused for cause." *Cox v. Treadway*, 75 F.3d 230, 239 (6th Cir. 1996). Ramey maintains that the juror's responses showed her bias, noting that she stated that she "really couldn't say" if her past employment would lead her to favor or believe the police. Ramey's argument is otherwise "devoid of facts that would support" a finding that the juror was biased. *United States v. Russell*, 595 F.3d 633, 642 (6th Cir. 2010). Given that the juror confirmed to the court that she could follow the court's instructions on how to weigh the evidence, the district court's decision not to sua sponte strike the juror for cause was not plainly erroneous.

Accordingly, we **AFFIRM** the district court's judgment.

                                      ENTERED BY ORDER OF THE COURT

                                      Deborah S. Hunt, Clerk